# IN THE UNITED STATES DISTRICT COURT OF APPEALS FOR THE TENTH CIRCUIT

_____

ANTHONY TRUPIA,
Plaintiff-Appellant,

*v.*

BOB MOORE ENTERPRISES, LLC,
Defendant-Appellee.

_____

ON APPEAL FROM
THE UNITED STATES DISCTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

THE HONORABLE JOE HEATON
UNITED STATES DISTRICT JUDGE

D.C. NO. CIV-25-568-HE

_____

## APPELLEE'S RESPONSE BRIEF
## ORAL ARGUMENT NOT REQUESTED

_____

Rodney K. Hunsinger, OBA #19839
Jared R. Boyer, OBA #30495
Evan J. Edler, OBA #34269
HB LAW PARTNERS, PLLC
4217 28th AVE NW, Suite 101
Norman, OK 73069
(405) 561-2410
(405) 563-9085 (fax)
rodney@hblawpartners.com
jared@hblawpartners.com
evan@hblawpartners.com
*Attorneys for Appellee*

# TABLE OF CONTENTS

STATEMENT OF PRIOR OR RELATED APPEALS…………...……………..……1

GROUNDS FOR JURISDICTION…………………...…………………………..……….2

STATEMENT OF THE ISSUES……………………………………….…………....3

COMBINED STATEMENT OF THE CASE AND FACTS…………….…………...4

SUMMARY OF THE ARGUMENT……………………………………..………….7

ARGUMENT………………………………………………………………….……..9

    I.     Mr. Trupia failed to properly preserve and/or present issues for Appellate Review……………………………………………………..………….....9

    II.    The District Court did not err in dismissing the Complaint with prejudice……………………………………………………….……...11

        i. The Complaint does not plausibly allege Bob Moore used an ATDS to send the text messages……………………………………………………11

        ii. The text messages did not involve the use of an "artificial or prerecorded voice" for the purposes of 47 U.S.C. § 227(B)(1)(A)(iii) and/or 47 C.F.R.§ 64.1200(a)(1)…………...………………….…………………………13

        iii. No private cause of action exists for violations of 227 (d)(3)(A), 227(e) or the implementing regulations……………………………….…...………...15

    III.   The District Court did not err in making procedural determinations or managing the lawsuit………………………………………...……………16

          i.     The District Court possessed jurisdiction over the matter pursuant to 28 U.S.C. § 1331……………………………...…………….…..16

          ii.    The District Court did not commit a clear error in denying Mr. Trupia's Motion to Disqualify…………………….…...……….16

          iii.   The District Court did not abuse its discretion or violate Mr. Trupia's due process rights in issuing the "No-contact" Order…………………………………….…...……………..18

iv. The District Court did not abuse its discretion by declining to exercise supplemental jurisdiction over remaining state law claims……………………………………...……………………..20

CONCLUSION……………………………………….…………………...21

STATEMENT AS TO WHY ORAL AGRUMENT IS NECESSARY……..………22

CERTICATE OF COMPLIANCE………………………………………...23

CERTIFICATE OF SERVICE……………………………………….……24

ATTACHMENTS:

1. Order signed by Judge Heaton August 5, 2025. [ROA Doc. #28]

# TABLE OF AUTHORITIES

**Cases**        **Page(s)**

Ashcroft v. Iqbal,
556 U.S. 662, 679, 129 S. Ct. 1937 (2009)………………….……….……11

Ashland Hosp. Corp. v. Service Employees Intern. Union. Dist.1199 WV/KY/OH,
708 F.3d 737, 745(6th Cir. 2013)………...…………………………….8, 15

Ball v. Renner,
54 F.3d 664, 669 (10th Cir. 1995)………………….…………….20

Beal v. Outfield Brew House, LLC,
29 F.4th 391, 393 (8th Cir. 2022)…………………….……………12

Bejcek v. Massanari,
21 Fed. Appx. 816, 817 (10th Cir. 2001)……………………….....…......9, 10

Bell Atlantic Corp. v. Twombly,
550 U.S. 544, 555, 127 S. Ct. 1955 (2007)……………….....….……...12

Borden v. EFinancial, LLC,
53 F.4th 1230, 1231 (9th Cir. 2022)……………………………….12

Carlsbad Technology, Inc. v. HIF Bio, Inc.,
556 U.S. 635, 639–40 (2009)……………………….……...20

Chambers v. NASCO, Inc.,
501 U.S. 32, at 55, 111 S. Ct. 2123 (1991)……………….……….……19

Clark v. Avatar Techs. Phl, Inc.,
No. H-13-277, 2014 WL 1342033, at *4 (S.D. Tex. Apr. 3, 2014).
…………………………………………….…….....…....……..15

Crow v. Shalala,
40 F.3d 323, 324 (10th Cir. 1994)……………………………9, 10, 15, 19

Cunningham v. Creative Edge Marketing LLC,
2021 WL 2792353, at *5 (E.D. Tex. June 16, 2021)…………………...……...15

Ewing v. TWA Restaurant Group, Inc.,
    347 Fed. Appx. 407, 408 (10th Cir. 2009)………………………...……....9

Facebook Inc. v. Duguid,
    592 U.S. 395, 398-400 (2021)…………………………………...…….7, 11, 12

Frank v. U.S. West, Inc.,
    3 F.3d 1357, 1365(10th Cir. 1993)………………….…………...………8

Free Conferencing Corp. v. Comcast Corp.,
    No CV 15-4076 FMO (PJWx), 2016 WL 7637664, at *7 (C.D. Cal. May 31,
2016)……………………………………...…………………...……....……..15

Garret v. Selby Connor Maddux & Janer,
    425 F.3d 836, 840 (10th Cir. 2005)…………………………….…….……9

Goodyear Tire & Rubber Co. v. Haeger,
    581 U.S. 101 (2017)………………………………………………………….19

Hall v. Bellmon,
    935 F.2d 1106, 1110 (10th Cir. 1991). …………………...………....……..14

Holmes v. Back Drs., Ltd.,
    695 F. Supp. 2d 843, 854 (S.D. Ill. 2010). ……………….…………...……..16

Koch v. City of Del City,
    660 F.3d 1228, 1248 (10th Cir. 2011)…………………….……………...20

Kopff v. Battaglia,
    425 F. Supp. 76, 90 (D.D.C. 2006)…………………………………...15, 16

Mims v. Arrow Financial Servs., LLC,
    565 U.S. 368, 372 (2012)……………...…………………………………17

Ogden v. San Juan Cnty.,
    32 F.3d 452, 455 (10th Cir. 1994)……………………...…...….……10

Panarella v. Navient Solutions, Inc.,
    37 F.4th 867, 881-82 (3d. Cir. 2022)…………...…………….………12

Phillips v. Calhoun,

956 F.2d 949, (10th Cir. 1992)…………..………………………………..……9

Reece v. AES Corp.,
638 Fed. Appx. 755, 767 (10th Cir. 2016)…………..………………….…17

Soliman v. Subway Franchise Advertising Fund Trust, Ltd.,
101 F.4[th] 176, 186-87(2d Cir. 2024)……………..………......……….8, 12, 14

Touche Ross & Co. v. Redington,
442 U.S. 560, 571-72 (1979)…………………………….………………16

Trim v. Reward Zone USA, LLC,
76 F.4[th] 1157, 1161 (9th Cir. 2023)………………..……………………8, 14

Unites States v. Bolden,
353 F.3d 870 (10th Cir. 2003). …………………………………....……...18

Warnick v. Cooley,
895 F.3d 746, 750-51 (10th Cir. 2018). ……………………..………….....……..11

**Statutes**
5 Okla. Stat. Ch. 1, App. 3-A, Rule 1.7…………………………………………17

5 Okla. Stat. Ch. 1, App. 3-A, Rule 8.4…………………………………………17

74 Okla. Stat. Ch. 62, App. 1, Rule 4.4…………………………….……………..18

74 Okla. Stat. Ch. 62, App. 1, Rule 4.5………….……………………….…….…18

47 U.S.C. § 227…………………………………...2, 3, 4, 7, 8, 11, 12, 13, 14, 15, 16

28 U.S.C. § 1291……………………………..…………………………....2

28 U.S.C. § 1331……………………………..…………….....…………2, 16, 17

28 U.S.C. § 1367……………………………..…………...……………20

28 U.S.C. § 1441…………………………………………...…………4

**Other Authorities**
Fed. R. Civ. P. 12………………………………………………………..2, 4

Fed. R. Civ. P. 11…………………………………………………..…………5

10th Cir. R. 28………………………………………………………2, 7, 9, 10, 18

47 C.F.R. § 64.1200…………………………………………...………3, 4, 11, 13, 15

# **GLOSSARY**

ATDS - Automatic telephone dialing system.

TCPA - Telephone Consumer Protection Act.

# **STATEMENT OF PRIOR OR RELATED APPEALS**

None.

## **GROUNDS FOR JURISDICTION**

The District Court's jurisdiction in this action arises from 28 U.S.C. § 1331 because Mr. Trupia's Complaint is based upon alleged violations of federal law. *See* (ROA, Doc. # 6-1, 10–11).[1] Specifically, the Complaint asserts violations of the federal Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.* On August 5, 2025, the District Court entered an Order dismissing Mr. Trupia's federal claims with prejudice pursuant to Bob Moore's Fed. R. Civ. P. 12(b)(6) motion. (ROA, Doc. # 4); (ROA, Doc. # 28, 181–92). Mr. Trupia timely filed his Notice of Appeal on August 7, 2025. (ROA Doc. # 30, at 196). This Court's appellate jurisdiction arises under 28 U.S.C. § 1291.

---

[1] Per 10th Cir. R. 28.1(A)(2) and because there is only one volume of the Record on Appeal, Appellee's references to the record on appeal are made by document number (as reflected within the "#" on the Record on Appeal) and the page numbers as the cited portion appears within corresponding portion of the consecutively paginated record of appeal. (e.g., (ROA, Doc. # 1, at 6)).

# STATEMENT OF ISSUES

1.      Did Mr. Trupia plausibly allege Bob Moore utilized an automatic "telephone dialing system" to send the text messages?

2.      Did the alleged text messages qualify as an "artificial or prerecorded voice" for the purposes of 47 U.S.C. § 227(B)(1)(A)(iii) and/or 47 C.F.R. § 64.1200(a)(1)?

3.      Do 47 U.S.C. § 227(d)(3)(A) and/or (e) provide for a private cause of action?

4.      Did the District Court err in denying Mr. Trupia's Motion for Remand?

5.      Did the District Court commit a clear error in denying Mr. Trupia's Motion to Disqualify?

6.      Did the District Court abuse its discretion in declining to exercise supplemental jurisdiction post-dismissal of Mr. Trupia's federal claims?

<u>**COMBINED STATEMENT OF THE CASE AND FACTS**</u>

This case revolves around two identical text messages which Appellant Anthony Trupia ("Mr. Trupia") alleges were sent to him by Appellee Bob Moore Enterprises, LLC ("Bob Moore"). The messages are alleged to have been sent on December 16, 2024 and March 5, 2025, and to have read as follows: "Hello Anthony, this is Amber at Bob Moore Enterprises, L.L.C. Our records indicate that it's already time for your next service visit. Can I help you schedule an appointment? Opt-out reply STOP." (ROA Doc. # 1-1, 9–10). Notably, Mr. Trupia alleges these messages were sent ***after*** he contacted Bob Moore in June 2024 to arrange service of his vehicle. *Id.* Mr. Trupia alleges he never provided express written consent to receive the text messages. *Id.*

On May 1, 2025, Mr. Trupia filed suit in the District Court of Oklahoma County, alleging the text messages violated the Federal Telephone Consumer Protection Act of 1991, specifically, 47 U.S.C §§ 227(b)(1)(A)(iii), 227(d)(3)(A), and 227(e)(1), the implementing regulations, 47 C.F.R. §§ 64.1200(a)(1), 64.1200(b)(1) and 64.1604(a), and various provisions of the Oklahoma Telephone Solicitation Act and a claim for "intrusion upon seclusion" pursuant to Oklahoma common law. (ROA Doc. # 1-1, 10–12). Bob Moore timely removed the matter pursuant to 28 U.S.C. § 1441(a), (ROA Doc. # 1), and moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing the Complaint failed to allege violations of federal or state law. (ROA Docs. #4, 6–16).

Shortly after Bob Moore's notice of removal and motion to dismiss were filed, it was brought to Evan J. Edler's (one of the undersigned attorneys of record) attention

that his PACER information had not been updated to reflect a change of his employment which occurred prior to his representation of Bob Moore. As a result, the ECF notification associated with the filings in this matter incorrectly reflected Mr. Edler's previous employment with the Office of the Oklahoma Attorney General. (ROA Doc. # 6, 42–48). Mr. Edler and HB Law Partners, PLLC ("HB Law") took action to correct this oversight as soon as it was noticed. Of course, all filings and communications clearly and plainly reflected that Bob Moore was represented by attorneys at HB Law. Regardless, Mr. Edler emailed Mr. Trupia to clarify any confusion that could have arisen. *Id.* at 50.

What followed Mr. Edler's email was the first entry in a long line of abusive and profane correspondence from Mr. Trupia. *See id.* 51–78. In response, Bob Moore filed an Emergency Motion requesting that the District Court to impose sanctions upon Mr. Trupia. *Id.* 42–48. Although the District Court never ruled on Bob Moore's Emergency Motion, it did enter an order preventing Mr. Trupia from contacting Bob Moore or its counsel outside of the Court's electronic records system. (ROA Doc. # 7).

Thereafter, Mr. Trupia filed various motions, including: (1) a Motion to Strike Bob Moore's Motion for Sanctions (ROA Doc. # 9); (2) a Motion to Disqualify HB Law as Bob Moore's counsel (ROA Doc. # 10); (3) a Motion to Remand (ROA Doc. # 11); (4) a Motion for Sanctions under Fed. R. Civ. P. 11 (ROA Doc. # 12); (5) a Motion to Compel Bob Moore's Counsel to Forward Court Orders or for Clarification

of Compliance Obligations (ROA Doc. # 13); and (6) a Motion for Leave to Use Electronic Filing [E-File] (ROA Doc. # 14).

Finally, on August 5, 2025, the District Court issued an order: (1) denying Mr. Trupia's Motion to Remand; (2) denying Mr. Trupia's Motion to Disqualify; (3) granting Bob Moore's Motion to Dismiss on all TCPA claims; (4) and remanding Mr. Trupia's state law claims. (ROA Doc. # 28). All remaining motions were stricken as moot. *Id.* This appeal followed.

## SUMMARY OF THE ARGUMENT

At the outset, it must be noted that it is exceedingly difficult to ascertain the scope and substance of Mr. Trupia's appeal. The root of this difficulty is, without a doubt, Mr. Trupia's failure to comply with 10th Cir. R. 28.1(A). Although Bob Moore asserts that such failure justifies the wholesale dismissal of this appeal, the undersigned endeavors—to the best of their ability—to provide a substantive response.

This matter turns upon the Federal Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.*, which regulates the use of certain technology when using telephonic equipment in particular contexts. In pertinent part, and broadly speaking, those regulations prohibit: (1) the use of an "automatic telephone dialing system," ("ATDS") *see* 47 U.S.C. § 227(b)(1)(A)(iii); (2) the use of an "artificial or prerecorded voice," *see id.*; and (3) the obfuscation of caller identification information. *Id.* § 227(d) and (e).

Here, it is apparent Mr. Trupia seeks to challenge the District Court's conclusion that his Complaint failed to allege violations of 47 U.S.C. § 227(b)(1)(A)(iii) (or the implementing regulations) and that no private right of action exists *vis-à-vis* 47 U.S.C. § 227(d), (e) or the implementing regulations. (ROA Doc. # 28, 181–92); Appellant's Opening Brief, 3–8.

However, those conclusions were correct. First, the Complaint fails to plausibly allege that Bob Moore used an ATDS because there is no factual allegation indicating Mr. Trupia's number was randomly or sequentially generated. *See Duguid*, 592 U.S. 398–

400, 405; *see also* (ROA Doc. # 1-1, 9–10). Second, nothing within the Complaint alleges the use of an "artificial or prerecorded voice." *See id.*; *see also Trim v. Reward Zone USA, LLC*, 76 F.4th 1157, 1161 (9th Cir. 2023); *Soliman v. Subway Franchisee Advertising Fund Trust, Ltd.*, 101 F.4th 176, 186–87 (2d Cir. 2024). Indeed, it is clear from the facts, as alleged in the Complaint, that the conduct Mr. Trupia complains of does not, **and cannot**, violate of 47 U.S.C. § 227(b)(1). Third, even if the Complaint did allege violations 47 U.S.C. § 227(d) and/or (e), no private right of action exists for violations of those two subsections. *See Ashland Hosp. Corp.*, 708 F.3d at 745. In fact, Mr. Trupia conceded as much in prior briefing. (ROA Doc. # 25, at 155).

As a result, the Complaint is defective to such an extent that any amendment would be futile. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Therefore, the District Court's order dismissing the Complaint with prejudice was entered in accordance with the law.

Mr. Trupia also appears to argue the District Court abused its discretion in denying his Motion to Remand and denying his Motion to Disqualify Bob Moore's Counsel. *See generally* Appellant's Opening Brief. As discussed below, the District Court's rulings on these points were well within its sound discretion.

<u>**ARGUMENT**</u>

**I.     MR. TRUPIA FAILED TO PROPERLY PRESERVE AND/OR PRESENT ISSUES FOR APPELLATE REVIEW.**

This Court's "scope of review is limited to those issues [Mr. Trupia] has properly preserved and adequately presented on appeal." *Bejcek v. Massanari*, 21 Fed. Appx. 816, 817 (10th Cir. 2001). Indeed, the Court's local rules require that "[f]or each issue raised on appeal, all briefs must cite the precise reference in the record where the issue was raised and ruled on." *Id.* (internal quotations omitted); *see also* 10th Cir. R. 28.1(A). Where an appellant fails to do so, this Court "can only assume that the issue was not raised below and is therefore" not entitled to its consideration. *Bejcek*, 21 Fed. Appx. at 817 (citing *Crow*, 40 F.3d at 324).

Likewise, the argument set forth in an appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies[.]" 10th Cir. R. 28.1(a)(8)(A). "[E]ven issues designated for review are lost ***if they are not actually argued in the party's brief.***" *Ewing v. TWA Restaurant Group, Inc.*, 347 Fed. Appx. 407, 408 (10th Cir. 2009) (quoting *Phillips v. Calhoun*, 956 F.2d 949, 954 (10th Cir. 1992) (alteration in original) (emphasis added).

Importantly, these principles have equal application to pro se litigants like Mr. Trupia. *See Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted). While Mr. Trupia's pro se status certainly entitles him to a degree of latitude, this Court "cannot take on the responsibility" of "constructing arguments and

searching the record" on his behalf. *See id.*; *see also Ogden v. San Juan Cnty*, 32 F.3d 452, 455 (10th Cir. 1994).

However, that is precisely what Mr. Trupia asks the Court to do here. Indeed, Mr. Trupia's brief does not feature a ***single*** citation to the record. *See generally* Appellant's Opening Brief. Similarly, Mr. Trupia's argument section is made up of fragmented, illegible sentences—many which reference no authority whatsoever. *See id.* 14–18 (e.g., "Inferences favored Appellee on telemarketing[,]" "Improper retention post-dismissal[,]" "Failed to analyze preemption or enforceability[,]" and "Explicit denial creates fact issue[,]" "Should have remanded if no standing[.]"). Further still, Mr. Trupia *appears* to raise various "issues" which have heretofore gone unmentioned. *See id.* 18 (e.g. "III. Standing and Jurisdictional Issues" and "V. Constitutional Challenge to Plausibility Pleading[.]").[2]

In sum, Mr. Trupia has failed to comply with 10th Cir. R. 28.1(A). That failure not only prevents Bob Moore from fully participating in and responding to this appeal, but it also frustrates this Court's ability to properly assess and resolve the issues presented therein. As a result, this appeal should be dismissed due to Mr. Trupia's failure to properly preserve and present his issues as required by 10th Cir. R. 28.1(A). *See Bejcek*, 21 F3d. Appx. at 817.

---

[2] Mr. Trupia's failure to raise these issues below renders them waived for the purposes of appeal. *See Crow*, 40 F.3d at 324 ("Absent compelling reasons, we do not consider arguments that were not presented to the district court.")

## II. THE DISTRICT COURT DID NOT ERR IN DISMISSING THE COMPLAINT WITH PREJUDICE.

The District Court's dismissal of Mr. Trupia's TCPA claims is subject to de novo review. *See Warnick v. Cooley*, 895 F.3d 746, 750–51 (10th Cir. 2018) (citations omitted). For that purpose, this Court accepts all of Mr. Trupia's "well-pleaded allegations as true in the light most favorable to him." *Id.* (citations omitted). "[W]hether a complaint contains well-pleaded facts sufficient to state a claim is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937 (2009)). "If . . . a plaintiff's 'well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,' the complaint fails to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

### i. *The Complaint does not plausibly allege Bob Moore used an ATDS to send the text messages.*

The TCPA proscribes making certain calls "using any automatic telephone dialing system" to "any telephone number assigned to a [] cellular telephone service" without the "prior express consent of the called part[.]" 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 64.1200(a)(1)(iii).

47 U.S.C. § 227(b)(1) specifically targets ATDS, a particular type of device which "Congress found . . . to be uniquely harmful." *See Facebook, Inc. v. Duguid*, 592 U.S. 395, 398–400 (2021). Importantly, devices which merely store and dial telephone numbers do not constitute an ATDS—instead, ATDS include only those devices which, by utilizing "a random or sequential number generator"[,] are capable of sequentially and

randomly generating and storing telephone numbers. 47 U.S.C. § 227(a)(1); *see also Duguid*, 592 U.S. at 405 ("the autodialer definition excludes equipment that does not 'us[e] a random or sequential number generator.'") (quoting 47 U.S.C. § 227(a)(1)(A)). Indeed, dialing systems which use "a pre-existing list of telephone numbers that are not automatically or randomly generated, but are drawn from other sources, including . . . from consumers themselves who voluntarily provided them" do not violate the TCPA. *Soliman*, 101 F.4th at 183; *see also Borden v. EFinancial, LLC*, 53 F. 4th 1230, 1231 (9th Cir. 2022); *Panarella v. Navient Solutions, Inc.*, 37 F.4th 867, 881–82 (3d. Cir. 2022); *Beal v. Outfield Brew House, LLC*, 29 F.4th 391, 393 (8th Cir. 2022). Therefore, the use of a "sequential number generator[]" is a necessary element for a claim arising under 47 U.S.C. § 227(b)(1)(A)(iii). *See Duguid*, 592 U.S. at 404.

To be sure, Mr. Trupia alleges that the text messages "were sent using an [ATDS] . . . as evidenced by their generic, automated nature and the identification of 'Amber' as an AI virtual assistant[.]" (ROA, Doc. # 1-1, at 10). However, in the first place, Mr. Trupia cannot sufficiently plead Bob Moore used an ATDS by concluding such was the case. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). Likewise, the allegations describing the messages as "generic," "automated," and referencing an AI virtual assistant do nothing to indicate, much less show, a "random or sequential" number generator played any role *vis-à-vis* the text messages. *See* (ROA, Doc. # 1-1, at 10).

More to the point, the facts alleged in the Complaint only show the contrary. To illustrate, the Complaint alleges Mr. Trupia contacted Bob Moore for the purpose of arranging service for his vehicle. (ROA, Doc. # 1-1, at 9). It is also alleged that, following this prior contact, Bob Moore "enrolled [Mr. Trupia] in a marketing campaign involving automated text messages[.]" *Id.* at 10. Further, the text messages referred to Mr. Trupia by name **and** referred to the same subject matter of his prior contact with Bob Moore. *Id.* In other words, rather than consisting of the vague and broadly applicable messages one would expect to be sent to a randomly or sequentially generated phone number, these text messages were targeted and individualized. *See id.*

Taken as a whole, the facts alleged in the Complaint and the reasonable inferences drawn therefrom show Mr. Trupia's telephone number was not sequentially or randomly generated, but instead selected from information Bob Moore possessed as a result of its prior contact with Mr. Trupia. As a result, the Complaint fails to allege Bob Moore utilized an ATDS. Furthermore, no amendment could cure this defect. Thus, the District Court's dismissal (with prejudice) of Mr. Trupia's claims under 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(1)(iii) should be upheld.

### ii. *The text messages did not involve the use of an "artificial or prerecorded voice" for the purposes of 47 U.S.C. § 227(B)(1)(A)(iii) and/or 47 C.F.R. § 64.1200(a)(1).*

The TCPA also prohibits the making of certain calls using "an artificial or prerecorded **voice**" to a "telephone number assigned to [] a cellular telephone service"

13

without "the prior express consent of the called party[.]" 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 64.1200(a)(1)(iii).

The Second and Ninth Circuits have both held that the term "voice," as it is used in 47 U.S.C. § 227(b)(1)(A), "encompass[es] only audible sounds[.]" *Trim*, 76 F.4th at 1161; *see also Soliman*, 101 F.4th 186–87 (text message is not an "artificial voice").

Here, the only communication Mr. Trupia complains of are two text messages. (ROA, Doc. # 1-1 at 10). Further, Mr. Trupia's Complaint describes the text messages with particularity, and crucially, that description makes no reference to any audio component whatsoever. *See id.* Therefore, according to the plain language of the pertinent provisions, along with guidance from the Second and Ninth Circuits, the text messages did not violate 47 U.S.C. § 227(b)(1)(A)(iii).

Notably, Mr. Trupia does not challenge this District Court's reasoning or conclusion on this point. *See* Appellant's Opening Brief, 5–6. Instead, he claims the District Court erred by "commit[ing] a sua sponte dismissal of certain TCPA aspects . . . not fully raised in [Bob Moore's] motion[.]" *Id.* at 6. However, as the District Court noted, a sua sponte dismissal is appropriate where it is "patently obvious that [a] plaintiff [cannot] prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); (ROA, Doc. # 28, at 190). Because the subject text messages clearly did violate 47 U.S.C. § 227(b)(1)(A)(iii), nothing short of a complete transfiguration of the factual core of Mr. Trupia's Complaint could cure this defect. *See* (ROA, Doc. # 1-1). Therefore, the

District Court dismissal of Mr. Trupia's claims under that provision (and its implementing regulations) and conclusion that amendment would be futile should be upheld.

### iii. No private cause of action exists for violations of 227(d)(3)(A), 227(e), or the implementing regulations.

On appeal, Mr. Trupia contends the Court erred by dismissing Counts III and IV of his Complaint on the basis that the statutes and implementing regulations (47 U.S.C. § 227(d)(3)(A), 227(e), and 47 C.F.R. §§ 64.1200(b)(1), (d)(3), and (f)(10)) do not confer a private right of action. *See* Appellant's Opening Brief, 5, 15. Admittedly, this position comes as a surprise, as Mr. Trupia previously conceded he possesses no private right of action to sue for violation of these provisions. (ROA, Doc. # 25, at 155). As such, Mr. Trupia has waived this particular issue. *See Crow*, 40 F.3d at 324.

Mr. Trupia's shifting positions and waiver notwithstanding, the District Court reached the correct conclusion. First, although this Court has not passed upon the topic itself, the Sixth Circuit has held there is no private right of action for an alleged violation of 47 U.S.C. § 227(d)(3)(A). *Ashland Hosp. Corp. v. Service Employees Intern. Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 745 (6th Cir. 2013). Likewise, a number of District Courts have held the same to be true for both § 227(d) and (e). *See Cunningham v. Creative Edge Marketing LLC,* 2021 WL 2792353, at *5 (E.D. Tex. June 16, 2021) (citing *Clark v. Avatar Techs. Phl, Inc.*, No. H-13-277, 2014 WL 1342033, at *4 (S.D. Tex. Apr. 3, 2014); *Free Conferencing Corp. v. Comcast Corp.*, No CV 15-4076 FMO (PJWx), 2016 WL 7637664,

at \*7 (C.D. Cal. May 31, 2016)); *see also Kopff v. Battaglia*, 425 F. Supp. 76, 90 (D.D.C. 2006) (the "TCPA . . . does not create a private right of action for every violation of its provisions, but instead creates such a right only in specific circumstances."); *Holmes v. Back Drs, Ltd.*, 695 F. Supp. 2d 843, 854 (S.D. Ill. 2010) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 571–72 (1979)).

These outcomes are mirrored by that produced by the application of long-accepted tenants of statutory construction to Section 227(d) and (e). Specifically, those subsections are flanked by fellow subsections which ***explicitly*** provide for private causes of action. *Compare* 47 U.S.C. § 227(b)(1) and (c)(5) (conferring private causes of action) *with* § 227(d) and (e) (limiting enforcement authority to the FCC and state attorneys general). Thus, "[o]bviously . . . when Congress wished to provide a private damage remedy, it knew how to do so and did so expressly." *See Touche Ross & Co.*, 442 U.S. 571–72 (citations omitted). The fact that Congress did not do so with regard to § 227(d) and (e) speaks to a legislative intent not to create a private cause of action for violations of those provisions.

## III. THE DISTRICT COURT DID NOT ERR IN MAKING PROCEDURAL DETERMINATIONS OR MANAGING THE LAWSUIT.

### i. The District Court possessed jurisdiction over the matter pursuant to 28 U.S.C. § 1331.

Mr. Trupia argued, in his Motion to Remand, the TCPA's provision for a private right of action in state courts deprived the District Court of subject matter jurisdiction.

(ROA, Doc. # 11, 114–16). Because this question touches upon the District Court's subject matter jurisdiction, the District Court's denial of Mr. Trupia's Motion to Remand is subject to de novo review. *See Reece v. AES Corp.*, 638 Fed. Appx. 755, 767 (10th Cir. 2016) (citations omitted).

The Supreme Court has held that "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA." *Mims v. Arrow Financial Servs., LLC*, 565 U.S. 368, 372 (2012). Indeed, "[n]othing in the text, structure, or legislative history of the TCPA calls for the displacement of federal-question jurisdiction courts ordinarily have under 28 U.S.C. § 1331." *Id.* 386–87. Thus, with regard to the TCPA, courts "apply the familiar default rule: Federal court have § 1331 jurisdiction over claims that arise under federal law." *Id.* at 387.

In other words, the TCPA does not displace federal question jurisdiction. Thus, because Mr. Trupia asserted claims based upon federal law against Bob Moore, the District Court clearly had federal question jurisdiction under 28 U.S.C. § 1331 and Bob Moore's removal was, for that reason, appropriate. Therefore, the Court's denial of Mr. Trupia's Motion to Remand should be upheld.

### ii. The District Court did not commit a clear error in denying Mr. Trupia's Motion to Disqualify

Mr. Trupia filed a baseless motion to disqualify Bob Moore's Counsel, apparently motivated by a simple clerical error and an email describing Mr. Trupia's "efforts to intimidate and/or extort" Bob Moore into settling. (ROA, Doc. # 10). The authority

for this motion was, supposedly, Rules 1.7 and 8.4 of the Oklahoma Rules of Professional Conduct, 5 Okla. Stat. Ch. 1, App. 3-A and Rules 4.4 and 4.5 of the Oklahoma Ethics Commission Rules, 74 Okla. Stat. Ch. 62, App. 1. (ROA, Doc. # 10, 110–113). Mr. Trupia now claims the District Court erred in denying his motion to disqualify. Because the District Court's decision was based upon factual findings relating to HB Law's conduct, the District Court's decision is subject to review for clear error. *See United States v. Bolden*, 353 F.3d 870 (10th Cir. 2003) (citation omitted).

Admittedly, it is (and has been) difficult to parse Mr. Trupia's argument on this point. However, it is abundantly apparent that HB Law engaged in no conduct which was violative of any applicable rule of professional conduct. Indeed, as the District Court noted, Rules 4.4 and 4.5 of the Oklahoma Ethics Commission are not even applicable to HB Law. (ROA, Doc. # 28, 183–84). Therefore, the District Court's denial of Mr. Trupia's Motion to Disqualify should be upheld. The same reasoning is applicable to Mr. Trupia's broad, unsubstantiated, and nearly illegible claims that the District Court erred by failing to investigate and/or punish HB Law for the "impropriety," "cronyism," "corruption," and ethical violations he perceives to have occurred, to the extent these issues could even be said to have been raised below. *See* Appellant's Opening Brief, 8–11. If nothing else, and alternatively, these arguments should be disposed of due to Mr. Trupia's failure to adequately preserve and present them as required by 10th Cir. R. 28.1(A).

### iii. The District Court did not abuse its discretion or violate Mr. Trupia's due process rights in issuing the "No-contact" Order.

Mr. Trupia further contends the District Court "erred in granting [Bob Moore's] emergency motion for sanctions and issuing a no-contact order without a hearing or full response from plaintiff." Appellant's Opening Brief, at 8. He also claims that, in so doing, the District Court violated his procedural due process rights, as provided for by the Fourteenth Amendment. *See id.* The District Court's exercise of its inherent authority to "ensure the orderly and expeditious disposition of cases" is subject to review for abuse of discretion. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, at 55, 111 S. Ct. 2123 (1991).

To be clear, this is the first instance where Mr. Trupia has asserted a violation of his procedural due process rights. It is also the first time he has annunciated any objection to the so-called "no-contact" order. The matter is thus not appropriate for consideration on appeal. *See Crow*, 40 F.3d at 324. Nonetheless, it bears mentioning that the District Court never actually ruled upon Bob Moore's Emergency Motion for Sanctions—although Mr. Trupia *never* responded thereto despite being specifically ordered to do so. (ROA, Doc. # 7, at 92). It also should be noted that the "no-contact" order did not actually prevent Mr. Trupia from contacting Bob Moore—it merely required that Mr. Trupia's correspond with Bob Moore through the Court's electronic records system. *Id.* Such was plainly within the Court's inherent authority to manage its

own affairs. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017) (citations omitted).

Moreover, the District Court afforded Mr. Trupia ample opportunity to respond. (ROA, Doc. # 7 at 92) ("Plaintiff is directed to respond to the motion [for sanctions] on or before June 18, 2025."). Clearly, this opportunity to respond was sufficient to satisfy any procedural due process interest Mr. Trupia had in his ability to communicate with an adverse party outside of court filings, even assuming such an interest invokes procedural due process and notwithstanding Mr. Trupia's waiver of issues relating to the "no-contact" order.

### iv. The District Court did not abuse its discretion by declining to exercise supplemental jurisdiction over remaining state law claims.

Finally, Mr. Trupia challenges the District Court's decision, pursuant to 28 U.S.C. § 1367, to decline exercising supplemental jurisdiction over his remaining state law claims and subsequent remand of the same. Appellant's Opening Brief, at 10.

Naturally, a court's decision to decline supplemental jurisdiction is reviewed for abuse of discretion. *See Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009); *see also Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011). Generally, "[w]hen all federal claims have been dismissed, a [district] court may, and usually should, decline to exercise jurisdiction over any remaining state law claims." *Koch*, 660 F.3d at 1248 (quotation omitted). Where there are no "compelling reasons" for a district court to retain and dispose of state law claims itself, its decision to decline jurisdiction is not

an abuse of discretion. *See Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (citation omitted).

Mr. Trupia has identified no such compelling reasons contravening the District's Court's decision to decline extending supplemental jurisdiction. As a result, the District Court did not abuse its discretion.

## <u>CONCLUSION</u>

For the reasons set forth herein, Bob Moore respectfully requests that this Court uphold the Order of the District Court dismissing Mr. Trupia's claims under the Telephone Consumer Protection Act with prejudice, uphold the Order of the District Court denying Mr. Trupia's Motion to Disqualify Bob Moore's Counsel, and all other associated orders.

## STATEMENT AS TO WHY ORAL ARGUMENT IS UNECESSARY

The legal matters at issue here, for the most part, turn upon the examination of factual allegations under well-established principles and application of the same to clearly defined law. As such, Bob Moore believes oral argument would provide no material assistance to the Court.

Respectfully submitted,

*s/Evan J. Edler*
Rodney K. Hunsinger, OBA #19839
Jared R. Boyer, OBA #30495
Evan J. Edler, OBA #34269
Norman, OK 73069
Telephone: (405) 561-2410
Facsimile: (405) 563-9085
rodney@hblawpartners.com
jared@hblawpartners.com
evan@hblawpartners.com
***Attorneys for Appellee***

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(b)(7)(i), I hereby certify that this brief complies with the type-volume limitation of such rule because it contains approximately 4786 words, excluding the parts of the brief exempted by Rule 32(f) and 10th Cir. R. 32(B), as counted automatically by the word-processing system used to prepare the brief.

I also certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5), 10th Cir. R. 32, and the type-style requirements of Rule 32(a)(6) and 10th Cir. R. 32 because it has been prepared with proportionally spaced typeface using Microsoft Word in 14-point Garamond.

*s/Evan J. Edler*
Evan J. Edler

**CERTIFICATE OF SERVICE**

This is to certify that on this 22nd day of October, 2025, a true and correct copy of the above and foregoing document was mailed and/or emailed to:

Anthony Trupia
605 SE 21st St
Oklahoma City, OK 73129
trupiaar@gmail.com

*s/Evan J. Edler*

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO.  CIV-25-0568-HE |
| | ) | |
| BOB MOORE ENTERPRISES, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Plaintiff Anthony Trupia filed this case in the District Court of Oklahoma County, State of Oklahoma, asserting claims of violations of the federal Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, and Oklahoma's Telephone Solicitation Act of 2022 (OTSA), 15 Okla. Stat. § 775C.1, *et seq*.  He also asserted a claim under Oklahoma common law for "Intrusion upon Seclusion."   Defendant Bob Moore Enterprises, L.L.C. timely filed a notice of removal, removing the case to this court based on the existence of federal question jurisdiction under 28 U.S.C. § 1331.

Since removal, the following motions have been filed:

- Defendant's Motion to Dismiss [Doc. #4];

- Defendant's Emergency Motion for Sanctions Against Plaintiff for Litigation Misconduct and to Prevent Continued Threats/Intimidation [Doc. #6];

- Plaintiff's Motion to Strike Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 12(f) [Doc. #9];

- Plaintiff's Motion to Disqualify HB Law Partners as Counsel [Doc. #10];

- Plaintiff's Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447(c) [Doc. #11];

- Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11(c) [Doc. #12];

- Plaintiff's Motion to Compel Defendant's Counsel to Forward Court Orders or For Clarification of Compliance Obligations [Doc. #13];

- Plaintiff's Motion for Leave to Use Electronic Filing [E-File] [Doc. #14].

As discussed below, the court concludes the motion to dismiss should be granted with respect to the TCPA claims.   It further concludes the motion to disqualify and the motion to remand, at least insofar as it is based on matters referenced in it, should be denied. However, in light of the conclusion that the federal claims must be dismissed, and as the court declines to exercise supplemental jurisdiction over the remaining state law claims, the case will be remanded to state court on that basis.  In light of that disposition, the other pending motions will be stricken as moot.

Motion to Remand

Plaintiff has moved to remand this case to state court on the basis that defendant's notice of removal "lacks a legitimate jurisdictional basis and violates the [TCPA's] statutory preference for state court adjudication." [Doc. #11, p. 1.].  The court disagrees.  Although the TCPA provides for a private right of action in state courts, *see* 47 U.S.C. § 227(b)(3), the Supreme Court has held that "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA." Mims v. Arrow Financial Servs., LLC, 565 U.S. 368, 372 (2012).  Because plaintiff has asserted TCPA claims against defendant, federal-question jurisdiction under 28 U.S.C. § 1331 clearly exists. *See id*. at 377.  Therefore,

defendant properly removed the case to this court pursuant to 28 U.S.C. § 1441(a) and it is not subject to remand on the basis set out in the motion.

Motion to Disqualify

Plaintiff has moved to disqualify HB Law Partners, PPLC, and its attorneys, Evan Elder and Jared Boyer, from representing defendant in these proceedings. According to plaintiff, the law firm and attorneys have violated Rules 1.7 and 8.4 of the Oklahoma Rules of Professional Code, 5 Okla. Stat. Ch. 1, App. 3-A, by Mr. Elder filing documents in this court using PACER credentials for his former employer, the Oklahoma Attorney General's Office, thereby "falsely impl[ying] state authority" [Doc. #10, p. 2], and by Mr. Boyer sending an email to plaintiff denying the Oklahoma Attorney General Office's involvement in the case, but allegedly "threaten[ing] criminal prosecution for 'intimidation/extortion' unless [p]laintiff reduced settlement demands[.]" [*Id.*, p. 1]. Plaintiff also asserts that defendant's owner donated money to the Oklahoma Attorney General in 2021 and 2022, and those donations, combined with the law firm's failure to withdraw, creates a "plausible appearance of favoritism, violating Rule 8.4 and public trust." [*Id.* at p. 2]. Further, plaintiff asserts that the law firm's refusal to withdraw after Mr. Elder's alleged "mistake" was identified violates Rules 4.4 and 4.5 of the Oklahoma Ethics Commission Rules, 74 Okla. Stat. Ch. 62, App. 1.

Plaintiff's disqualification request is without merit. Neither counsel nor the law firm violated Rules 1.7 or 8.4 by their alleged conduct or by their failure to withdraw because of any donations made by their client to the Oklahoma Attorney General. Moreover, Mr. Boyer's email cannot plausibly be construed as threatening criminal

3

prosecution of plaintiff for "intimidation/extortion" or anything of the sort. Further, neither counsel nor the law firm have violated Rules 4.4 and 4.5 of Oklahoma Ethics Commission Rules. Indeed, those rules do not even apply to them.

Motion to Dismiss

Defendant has moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss plaintiff's complaint in its entirety. To overcome dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged. *Id*. Because plaintiff is proceeding *pro se*, the court construes the complaint liberally but does not assume the role of an advocate for him. *See* Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In the complaint, plaintiff alleges that he contacted defendant in June 2024 to arrange service of his vehicle. Following that interaction and without his prior express written consent, defendant enrolled plaintiff in a marketing campaign involving automated text messages. On December 16, 2024 and March 5, 2025, plaintiff received unsolicited text messages stating "Hello Anthony, this is Amber at Bob Moore Enterprises, L.L.C. Our records indicate that it's already time for your next service visit. Can I help you schedule an appointment? Opt-out reply STOP." Plaintiff alleges that he did not provide prior express written consent to receive the text messages.

Additionally, in the complaint, plaintiff alleges that the text messages were sent "using an automatic telephone dialing system [ATDS] or prerecorded messages, as

4

evidenced by their generic, automated nature and the identification of 'Amber' as an AI virtual assistant by a Bob Moore Enterprises, L.L.C employee." He also alleges that the text messages failed to provide the phone number or address of defendant, and that they originated from a phone number that provided misleading or inaccurate caller identification information. Further, plaintiff alleges the text messages intruded upon his privacy and seclusion, causing annoyance, frustration, and disruption.

Based on the factual allegations, plaintiff asserts that defendant violated the TCPA, specifically, 47 U.S.C. §§ 227(b)(1)(A)(iii), 227(d)(3)(A), and 227(e)(1), and the implementing regulations, 47 C.F.R. §§ 64.1200(a)(1), 64.1200(b)(1) and 64.1604(a), and that defendant violated the OTSA, specifically, 15 Okla. Stat. §§ 775C.3(A), 775C.3(B), and 775C.4(B)(1)-(2). For the claimed violations, plaintiff requests recovery of statutory damages. Plaintiff also asserts an "Intrusion upon Seclusion" claim under Oklahoma common law for which he requests recovery of compensatory damages. Further, plaintiff requests injunctive relief and an order requiring defendant to pay fines to the United States and the State of Oklahoma.

Count I - 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(1) Claim

The TCPA makes it unlawful to make certain calls "using any automatic telephone dialing system" to "any telephone number assigned to a [] cellular telephone service" without the "prior express consent of the called party[.]" 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 U.S.C. § 64.1200(a)(1)(iii). To state a claim under the statute, plaintiff must

allege that (1) the defendant called a cellular telephone number,[1] (2) using an automatic telephone dialing system, and (3) without the recipient's prior express consent. *See* Hunsinger v. Alpha Cash Buyers, LLC, Civil Action No. 3:21-CV-1598-D, 2021 WL 5040228, at 3 (N.D. Tex. Oct. 29, 2021). Defendant contends that plaintiff has failed to state a claim under the TCPA because he has failed to allege sufficient facts to plausibly establish the second element – using an automatic telephone dialing system.

The TCPA defines the term "automatic telephone dialing system" or ATDS as "equipment which has the capacity--(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In Facebook, Inc. v. Duguid, 592 U.S. 395 (2021), the Supreme Court resolved a circuit split "regarding whether an autodialer must have the capacity to generate random or sequential phone numbers" or whether an ATDS "need only have the capacity to store numbers to be called and to dial such numbers automatically." *Id*. at 401-02 (quotation marks and citations omitted). The Court determined that, "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity to either store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Id*. at 399. The Court also stated that, "whether storing or producing numbers to be called, the equipment in question must use a random or sequential number generator." *Id*. at 404.

---

[1] *A text message to a cellular telephone qualifies as a call within the meaning of section 227(b)(1)(A)(iii). See* Campbell-Ewald Co. v. Gomez, *577 U.S. 153, 156 (2016).*

The court agrees that plaintiff's allegations are not sufficient to establish that the equipment used by defendant to send the text messages qualified as an ATDS. There are no facts for the court to reasonably infer that the equipment had the capacity to either store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator.

In his papers, plaintiff urges the court to accept his allegations regarding the ATDS, claiming that technical details involving the ATDS should be addressed at a later stage after discovery. The court disagrees. The allegation that "the text messages were sent using an automated telephone dialing system" is conclusory, and as such, cannot suffice to plausibly state the second element of the TPCA claim. Likewise, the additional allegations, "generic, automated nature" and "the identification of 'Amber' as an AI virtual assistant by a Bob Moore Enterprises, L.L.C. employee" cannot suffice to establish the ATDS element.

Further, it is apparent from the facts that have been alleged that plaintiff cannot establish that defendant used an ATDS to send the text messages. Plaintiff alleges that he contacted defendant to arrange service for his vehicle, and following that interaction, defendant enrolled plaintiff in a marketing campaign involving automated text messages. Thereafter, defendant sent plaintiff two unsolicited text messages from Amber, an AI virtual assistant, mentioning plaintiff's name in the text message and advising him that its records indicated it was time for his service visit. But dialing systems "us[ing] a pre-existing list of telephone numbers that are not automatically or randomly generated, but are drawn from other sources, including . . . from consumers themselves who voluntarily provided them" are not implicated by the TCPA. Soliman v. Subway Franchisee

7

Advertising Fund Trust, LTD., 101 F.4th 176, 183 (2nd Cir. 2024). An ATDS for purposes of TCPA liability "is one that generates *telephone* numbers." *Id*. at 181 (emphasis in original); *see also* Borden v. eFinancial, LLC, 53 F.4th 1230, 1231 (9th Cir. 2022) (holding that an ATDS "must generate and dial random or sequential *telephone* numbers under the TCPA's plain text" in a case involving an autodialer that selected telephone numbers from a pre-existing list of telephone numbers) (emphasis in original); Panzarella v. Navient Solutions, Inc., 37 F.4th 867, 881-82 (3d. Cir. 2022) (holding section 227(b)(1)(A)(iii) not violated where autodialing system did not rely on "random-or sequential-number generation" to call plaintiffs; it called them from "specific, curated borrower lists"); Beal v. Outfield Brew House, LLC, 29 F.4th 391, 393 (8th Cir. 2022) (holding that "an automated marketing system that sends promotional text messages to phone numbers randomly selected from a database of customers' information" is not an ATDS within the meaning of the TCPA). According to the facts alleged and the reasonable inferences from those facts, plaintiff's telephone number was not automatically or randomly generated, but selected from information defendant possessed after plaintiff arranged for vehicle service. Thus, plaintiff cannot establish that defendant used an ATDS in sending the text messages to him, and therefore, Count I is subject to dismissal with prejudice under Rule 12(b)(6).

Count III – 47 U.S.C. § 227(d)(3)(A) and 47 C.F.R. § 64.1200(b)(1) Claim and Count IV – 47 U.S.C. § 227(e)(1) and 47 C.F.R. § 64.1604(a) Claim

In his complaint, plaintiff asserts that defendant violated 47 U.S.C. §§ 227(d)(3)(A) and (e)(1), along with the implementing regulations, by failing to include its telephone

number or address in the text messages and by sending misleading and inaccurate caller identification information.

Defendant contends that plaintiff cannot enforce the alleged violations because the TCPA does not provide plaintiff with a private cause of action.  In response, plaintiff "concedes there is no private right of action for Counts III and IV."  *See* [Doc. #25, ¶ 20].

Upon independent review, the court agrees that plaintiff has no private right of action to enforce violations of section 227(d)(3)(A) or section 227(e) and the implementing regulations.  *See* Ashland Hosp. Corp. v. Service Employees Intern. Union, Dist. 1199 WV/KY/OH, 708 F.3d 737, 745 (6th Cir. 2013) (no private right of action for alleged violation of section 227(d)(3)(A)); Cunningham v. Creative Edge Marketing LLC, Civil Action No. 4:19-CV-00669-ALM-CAN, 2021 WL 2792353, at * 5 (E.D. Tex. June 16, 2021) (no private right of action for alleged violation of section 227(e)) (citing cases).  Therefore, the court concludes Count III and IV are subject to dismissal with prejudice under Rule 12(b)(6).

Count II – 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(1) Claim

The TCPA also prohibits the making of certain calls using "an artificial or prerecorded voice" to a "telephone number assigned to [] a cellular telephone service" without "the prior express consent of the called party[.]"  47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 U.S.C. § 64.1200(a)(1)(iii).

In its motion, defendant contends that Count II is subject to dismissal under Rule 12(b)(6) because the text messages were informational in nature rather than advertising or telemarketing in nature.  According to defendant, informational messages do not require

9

written consent.  Rather, they require only consent.  Defendant maintains that plaintiff consented to the text messages by providing his telephone number to defendant when arranging service, and the messages only provided information with respect to service.

Plaintiff counters the text messages had dual purposes.  Specifically, they had an informational purpose as well as a marketing purpose.  Because the text messages had a dual purpose, plaintiff asserts they violated the TCPA when sent by defendant.  In addition, plaintiff admits that while researching his claims, he "encountered a strong potential argument against Count[] II" that "text messages do not constitute prerecorded voice messages."  Doc. #25, ¶ 43(a).  However, he argues that defendant has waived this "appropriate and strong" argument by not raising it.

It is well-established that the "court may dismiss *sua sponte* [under Rule 12(b)(6)] when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  Hall, 935 F.2d at 1110 (quotation marks and citation omitted).  Here, based on the facts alleged and existing case authority, it is patently obvious that plaintiff cannot state a TCPA claim against defendant for making a call using "an artificial or prerecorded voice."  *See* Soliman, 101 F.4th at 186 (text message is not a "artificial voice"); *see also* Trim v. Reward Zone USA, LLC, 76 F.4th 1157, 1161 (9th Cir. 2023) ("prerecorded voice" requires audible sounds and affirming dismissal because a text message did not include an audible component).  Because plaintiff cannot prevail on the facts alleged in the complaint and allowing him an opportunity to amend his complaint would be futile in light of existing law, the court concludes that Count II is subject to dismissal with prejudice under Rule 12(b)(6).

10

State Law Claims

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction."  The Tenth Circuit has stated that "'[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state law claims.'" Koch v. City of Del City, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998)).  Here, the court concludes that dismissal of all claims over which it has original jurisdiction—the TCPA claims, is appropriate under Rule 12(b)(6).  The only remaining claims are state law claims against defendant.  The court declines to exercise supplemental jurisdiction over those claims and will remand those claims to state court for further proceedings.

Conclusion

Accordingly, for the reasons stated, plaintiff's Motion to Remand [Doc. #11] and Motion to Disqualify [Doc. # 10] are **DENIED**.

Defendant's Motion to Dismiss [Doc. #4] is **GRANTED** to the extent all claims under the federal Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, are **DISMISSED WITH PREJUDICE** under Fed. R. Civ. P. 12(b)(6).  Pursuant to 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over the remaining state law claims and **REMANDS** this action to state court for further proceedings with respect to those claims.

In light of the court's disposition, the other pending motions [Doc. Nos. 6, 9, 12, 13, and 14] are **STRICKEN as MOOT**.

**IT IS SO ORDERED**.

Dated this 5th day of August, 2025.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE