## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

ANTHONY TRUPIA,                          )
                                         )
    Plaintiff/Appellant,             )
                                         )
v.                                       )    Case No. 25-6130
                                         )
BOB MOORE ENTERPRISES, LLC;              )
                                         )
    Defendant/Appellee.              )

### APPELLEE'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR SANCTIONS AGAINST APPELLANT FOR LITIGATION MISCONDUCT AND TO PREVENT CONTINUED THREATS/INTIMIDATION

Defendant/Appellee, Bob Moore Enterprises, L.L.C. ("Appellee") respectfully files this Reply in support of its Emergency Motion for Sanctions against Plaintiff/Appellant Anthony Trupia ("Appellant" or "Mr. Trupia") for Litigation Misconduct and to Prevent Continued Threats/Intimidation.

Mr. Trupia's Response to Appellee's Emergency Motion for Sanctions (the Response") attempts to paint his conduct as simple "rudeness" by plucking ten (10) words out of the volumes of repugnant correspondence Mr. Trupia has heaped upon Appellee and its counsel since June 2025. *See* (Doc. 21 at 3). Of course, this Court is more than capable of appraising Mr. Trupia's conduct for itself and Appellee has every confidence in that respect. Nonetheless, Appellee would urge this Court to consider that, while it may be easy to dismiss Mr. Trupia's threats as embellished, overly excited, or even likely harmless, that is not an assessment any litigant should have to engage in. That is particularly true when

the threats are accompanied by overt references to Mr. Trupia's physical proximity to Appellee's counsel and Appellee's ownership's family. *See e.g.* (20-2, 20-5 at 17, 32).

That aside, Mr. Trupia's Response raises several other points requiring a brief response. First, regarding the so-called "Clean Hands" defense and "Reasonable Suspicion of Conflicts," it is abundantly clear that Mr. Trupia has seized upon an innocuous clerical error to grasp some form of leverage outside the merits of his legal claims. While Appellee has no desire to waste further judicial resources discussing this baseless point, Mr. Trupia's claim that Appellee's counsel "cut corners" by "failing to correct their PACER credentials until challenged" is verifiably false. Indeed, Appellee's first direct correspondence with Mr. Trupia (which occurred only days after Appellee made its first filing) was specifically for the purpose of clarifying any potential confusion (albeit made up by Mr. Trupia) the clerical error could have caused Mr. Trupia. (Doc. 20-5 at 9).

Second, as is made clear from Mr. Trupia's own correspondence, Appellee's Emergency Motion was plainly not, as Mr. Trupia argues, filed to "distract from the weakness" of Appellee's case. Further, it should be noted that Mr. Trupia has attempted to use his Response as an opportunity to present legal arguments on the merits of this Appeal which he omitted from his opening brief. *See* (Doc. 21 at 9) (citing *Montanez v. Future Vision Bank, LLC*, 536 F. Supp. 3d 828 (D. Colo. April 29, 2021); *Scherrer v. FPT Operating Co., LLC*, 2023 WL 4660089, 2023 U.S. Dist. LEXIS 125390 (D. Colo. July 20, 2023). Needless to say, Mr. Trupia's omission of these arguments from his opening brief constitutes a waiver, and Appellee objects to this maneuver for that reason. *See* 10th Cir. R. 28.1(a)(8)(A); *see also Ewing v. TWA Restaurant Group, Inc.*, 347 Fed. Appx. 407,

2

408 (10th Cir. 2009) (citation omitted); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted). Regardless, neither of these new cases support Mr. Trupia's position because they are factually distinct from his allegations. *See Montanez*, 536 F. Supp. 3d 828 (noting allegations of messages which "were not specifically addressed to [the p]laintiff" and were sent via a device which had the capacity to "store telephone numbers, generate sequential numbers, dial numbers in a sequential order, and dial numbers without human intervention" and affirming that "it is critical that a random or sequential number generator be utilized to constitute an ATDS."); *see also Scherrer* 2023 WL 4660089 at *5, ("Many of [the defendant's] authorities are distinguishable on factual grounds because, for example, the plaintiffs in those cases provided their telephone numbers to the defendants or were specifically targeted by them.").

Finally, Mr. Trupia argues Appellee's requested sanction would constitute a prior restraint and/or a deprivation of due process. Although Appellee maintains that Mr. Trupia is—and has been—acting in "bad faith, vexatiously, wantonly, and for oppressive reasons," Appellee's core goal is to see this Appeal (and Mr. Trupia's claims against Appellee generally) litigated and disposed of without wasting further resources addressing Mr. Trupia's threats and intimidation, all of which obviously bear no relation to the merits of this case. As such, Appellee defers to this Court's wisdom in assessing the appropriate sanction to stop Mr. Trupia's offending conduct.

3

## CONCLUSION

For the foregoing reasons, along with those set forth in Appellee's Emergency Motion, Appellee respectfully requests that this Court enter an Order consistent with the aforementioned goal and the relief requested in Appellee's Emergency Motion, and any other relief the Court deems just, equitable, and proper.

Respectfully submitted,

*/s/ Evan J. Edler*

Rodney K. Hunsinger, OBA #19839
Jared R. Boyer, OBA #30495
Evan J. Edler, OBA #34269
Norman, OK 73069
Telephone: (405) 561-2410
Facsimile: (405) 563-9085
rodney@hblawpartners.com
jared@hblawpartners.com
evan@hblawpartners.com
***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

This is to certify that on this 19th day of December, 2025, a true and correct copy of the above and foregoing document was mailed and/or emailed to:

Anthony Trupia
605 SE 21st St
Oklahoma City, OK 73129
trupiaar@gmail.com

/s/ Evan J. Edler